1

2

3

4

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

6

NORMAN FERRIER,

7

Plaintiff,

v.

8

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

9

10

Defendant.

No.  1:14-CV-03015-RHW

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND REMANDING
FOR PAYMENT OF BENEFITS**

11        Before the Court are the parties' cross-motions for summary judgment, ECF

12   Nos. 17, 19.  D. James Tree represents Norman Ferrier ("Plaintiff" or "Claimant")

13   and Special Assistant United States Attorney Daphne Banay represents Defendant

14   Commissioner of Social Security (the "Commissioner").  Plaintiff brings this

15   action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the

16   Commissioner's final decision, which denied his application for Disability

17   Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C §§

18   401-434.  After reviewing the administrative record and briefs filed by the parties,

19   the Court is now fully informed.  For the reasons set forth below, the Court grants

20

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR PAYMENT OF BENEFITS ~ 1**

1  Plaintiff's Motion for Summary Judgment, remands for immediate payment of

2  benefits, and directs entry of judgment in favor of Plaintiff.

3  **I.    Jurisdiction**

4  Plaintiff filed an application for DIB on December 29, 2010. Tr. 142-143.

5  Plaintiff's application was initially denied on July 18, 2011, Tr. 70-79, and on

6  reconsideration on September 15, 2011, Tr. 81-90.  Plaintiff filed a written request

7  for hearing on September 22, 2011.  Tr. 99-100.  On September 12, 2012,

8  Administrative Law Judge ("ALJ") Tom L. Morris held a hearing in Seattle,

9  Washington.  Tr. 31-67.  On October 15, 2012, the ALJ issued a decision finding

10  Plaintiff ineligible for DIB payments.  Tr. 20-27.  The Appeals Council denied

11  Plaintiff's request for review on December 20, 2013, Tr. 1-3, making the ALJ's

12  ruling the "final decision" of the Commissioner.  Plaintiff timely filed the present

13  action challenging the denial of benefits, and accordingly, Plaintiff's claims are

14  properly before this Court pursuant to 42 U.S.C. § 405(g).

15  **II.    Sequential Evaluation Process**

16  The Social Security Act defines disability as the "inability to engage in any

17  substantial gainful activity by reason of any medically determinable physical or

18  mental impairment which can be expected to result in death or which has lasted or

19  can be expected to last for a continuous period of not less than twelve months."  42

20  U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant shall be determined to be

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR PAYMENT OF BENEFITS ~ 2**

1    under a disability only if his or her impairments are of such severity that the

2    claimant is not only unable to perform previous work, but cannot, considering

3    claimant's age, education and work experience, engage in any other substantial

4    gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) &

5    1382c(a)(3)(B).

6        The Commissioner has established a five-step sequential evaluation process

7    for determining whether a claimant is disabled within the meaning of the Social

8    Security Act.  20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v.*

9    *Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

10       Step one inquires whether the claimant is presently engaged in "substantial

11    gainful activity."  20 C.F.R. §§ 404.1520(b) & 416.920(b).  Substantial gainful

12    activity is defined as significant physical or mental activities done or usually done

13    for profit.  20 C.F.R. §§ 404.1572 & 416.972.  If the claimant is engaged in

14    substantial activity, he or she is not entitled to disability benefits.  20 C.F.R. §§

15    404.1571 & 416.920(b).  If not, the ALJ proceeds to step two.

16       Step two asks whether the claimant has a severe impairment, or combination

17    of impairments, that significantly limits the claimant's physical or mental ability to

18    do basic work activities.  20 C.F.R. §§ 404.1520(c) & 416.920(c).  A severe

19    impairment is one that lasted or is expected to last for at least twelve months, and

20    must be proven by reference to objective medical evidence.  20 C.F.R. §§

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR PAYMENT OF BENEFITS ~ 3**

404.1508-09 & 416.908-09.  If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required.  Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings").  If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits.  *Id.*  If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work.  20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f).  If the claimant can still perform past relevant work, then the claimant is not entitled to disability benefits and the inquiry ends there.  *Id.*  If the claimant cannot perform past relevant work, the ALJ must proceed to step five.

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience.  *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c).  To meet this

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR PAYMENT OF BENEFITS ~ 4**

1    burden, the Commissioner must establish that (1) the claimant is capable of

2    performing other work; and (2) such work exists in "significant numbers in the

3    national economy."  20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,*

4    676 F.3d 1203, 1206 (9th Cir. 2012).

5                              **III.    Standard of Review**

6            A district court's review of a final decision of the Commissioner of Social

7    Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

8    limited, and the Commissioner's decision will be disturbed "only if it is not

9    supported by substantial evidence or is based on legal error."  *Hill v. Astrue,* 698

10   F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)).  Substantial evidence means

11   "more than a mere scintilla but less than a preponderance; it is such relevant

12   evidence as a reasonable mind might accept as adequate to support a conclusion."

13   *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v.*

14   *Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted).

15   In determining whether the Commissioner's findings are supported by substantial

16   evidence, "a reviewing court must consider the entire record as a whole and may

17   not affirm simply by isolating a specific quantum of supporting evidence."

18   *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*

19   *v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

20

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR PAYMENT OF BENEFITS ~ 5**

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ.  *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld").  Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and only briefly summarized here.  Plaintiff was born on January 28, 1975, and was 37 years-old on the date of the hearing.  Tr. 33.  Plaintiff obtained a GED in 2010, Tr. 168, and has worked as a bottling machine operator, as a material handler, and a trailer assembler, Tr. 36.  At the time of the hearing, Plaintiff was

1  enrolled at Yakima Valley Community College, and was focusing his study on

2  education and social work.  Tr. 40.

3        Plaintiff alleges he is unable to work due to constant pain, testifying to lower

4  back pain that radiates into his hips and down his right leg, right shoulder pain, and

5  pain in his right wrist.  Tr. 41.

6  **V.    The ALJ's Findings**

7        The ALJ determined that Plaintiff was not disabled under the Social Security

8  Act and denied his application for DIB benefits, filed on December 29, 2010.[1]  Tr.

9  20-27.

10       **At step one**, the ALJ found that the Plaintiff had not engaged in substantial

11 gainful activity since January 3, 2010, the date on which he alleges onset of his

12 disability.  Tr. 22 (citing 20 C.F.R. § 404.1571 *et seq.*).

13       **At step two**, the ALJ found Plaintiff had the following severe impairments:

14 spine disorders. Tr. 22 (citing 20 C.F.R. § 404.1520(c)).

15       At **step three**, the ALJ found that Plaintiff did not have an impairment or

16 combination of impairments that meets or medically equals the severity of one of

17 the listed impairments in 20 C.F.R. §§ 404, Subpt. P, App. 1.  Tr. 22-23 (citing

18 404.1520(d), 404.1525, and 404.1526).

19

20

[1] ALJ Morris indicates in his decision that Plaintiff filed his application on
December 28, 2010.  Tr. 20.  The date on the application itself, however, is
December 29, 2010.  Tr. 142-43.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR PAYMENT OF BENEFITS ~ 7**

At **step four**, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work with the additional requirement that he be able to periodically alternate between sitting and standing, which could be accomplished with normal breaks and lunch.  Tr. 23.  In addition, the ALJ found that Plaintiff is able to frequently stoop, crouch, and crawl, and occasionally climb ladders, ropes or scaffolds, but must avoid concentrated exposure to extreme cold, vibration, and hazards.  *Id.*  Trevor G. Duncan, M.Ed., a vocational expert, testified at the hearing that an individual with Plaintiff's restrictions could not perform any of Plaintiff's past relevant work, Tr. 56-57, and based on this testimony, the ALJ found that Plaintiff is unable to perform past relevant work, Tr. 25.

At **step five**, the ALJ found, after considering his age, education, work experience, and residual functional capacity, that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.  Tr. 26-27.

## VI.    Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. ECF No. 17 at 2.  More specifically, Plaintiff alleges that the ALJ erred by (1) improperly according "little weight" to the opinion of examining physician Marie Ho, M.D.; (2) improperly rejecting the claimant's subjective complaints with respect to the intensity, persistence, and

limiting effect of Plaintiff's impairments as not entirely credible; and (3)

improperly relying on vocational expert testimony given in response to a

hypothetical based upon an inaccurate assessment of Plaintiff's residual functional

capacity.  ECF No. 17 at 7.

## VII.   Discussion

### A. The ALJ Improperly Accorded "Little Weight" to the Opinion of Examining Physician Marie Ho, M.D.

Plaintiff claims that the ALJ failed to set forth adequate reasons for according

little weight to Dr. Ho's opinion, and that as a result, the ALJ erred in doing so.

ECF No. 17 at 8-12.  Defendant responds that the ALJ's decision to accord little

weight to the opinion of Dr. Ho is supported by inferences reasonably drawn from

the record.  ECF No. 19 at 8-13.

The Ninth Circuit has distinguished between three classes of physicians in

defining the weight to be given to their opinions: (1) treating physicians, who

actually treat the claimant; (2) examining physicians, who examine but do not treat

the claimant; and (3) non-examining physicians, who neither treat nor examine the

claimant.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  A treating

physician's opinion is given the most weight, followed by an examining physician,

and then by a non-examining physician.  *Id.* at 803-831.  In the absence of a

contrary opinion, a treating or examining physician's opinion may not be rejected

1    unless "clear and convincing" reasons are provided. *Id.* at 830. If contradicted, a

2    treating or examining doctor's opinion can be discounted for "specific and

3    legitimate reasons that are supported by substantial evidence in the record." *Id.* at

4    830-31. The controverting opinion of a non-examining physician, however, does

5    not by itself constitute substantial evidence justifying the rejection of a treating or

6    examining physician's opinion. *Id.* at 831.

7        In a consultative examination report dated April 17, 2011, Dr. Ho opines that

8    Plaintiff is limited to standing and walking less than two hours at one time without

9    interruption in an eight-hour workday, and is limited to standing and walking a

10    total time of less than six hours in an eight-hour workday. Tr. 278. In addition,

11    Dr. Ho opined that Plaintiff is limited to sitting less than two hours at one time

12    without interruption in an eight-hour workday, and is limited to sitting a total time

13    of less than six hours in an eight-hour workday. *Id.* Restrictions of postural

14    activities include kneeling, crouching, and stooping, which Dr. Ho opined Plaintiff

15    should avoid due to limitations of his lower back. *Id.* With respect to lifting and

16    carrying, Dr. Ho opined that Plaintiff is limited to 20 pounds occasionally and 10

17    pounds frequently. *Id.*

18        In according little weight to Dr. Ho's opinion, ALJ Morris credits the lifting and

19    carrying restrictions contained in her report as consistent with the medical record,

20    but finds that the restrictions on sitting and standing/walking, and postural activity

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR PAYMENT OF BENEFITS ~ 10**

1    are not similarly supported.  Tr. 25.  ALJ Morris fails, however, to identify in what

2    ways the medical record does not align with Dr. Ho's opinion.  *Id.*  Instead, ALJ

3    Morris simply states his conclusion that "the determinations concerning sitting and

4    standing/walking . . . and postural activity restrictions are not supported by the

5    medical record."  *Id.*  In rejecting a treating or examining physician's opinion,

6    however, an ALJ must do more than merely state his conclusions—he must set

7    forth his own interpretation of the record and explain why his interpretation, and

8    not the doctor's, is correct.  *Garrison v. Colvin* 759 F.3d 995, 1012 (9th Cir. 2014).

9        This Court's review of the record in this case reveals no inconsistency with Dr.

10    Ho's assessment of Plaintiff's limitations.  The record reflects that in 2002,

11    Plaintiff was diagnosed with degenerative arthritis and a small central disc

12    protrusion at the L4/5 level.  Tr. 218, 220, & 286.  Despite this diagnosis, Plaintiff

13    continued to work in positions with medium to heavy exertional demands.  Tr. 36,

14    168.  Dr. Ho's examination, nearly 10 years later,[2] reveals that Plaintiff's condition

15    has deteriorated to the point that he walks with a limp, Tr. 276, and is unable to lift

16    his right foot, Tr. 275.

17

18    _____

[2] Other than the examination by Dr. Ho on April 17, 2011, Plaintiff testified at the hearing that he had not seen a doctor for approximately seven years.

19    Tr. 37.  This recollection appears to be accurate except for an emergency room visit for acute back pain in December of 2008, Tr. 302-03, and his receipt of authorization to possess marijuana for medical purposes in June of

20    2011, Tr. 304.  Many of the medical records from Selah Medical Center, where Plaintiff has received the majority of his treatment, relate to Plaintiff's son, *see e.g.* Tr. 243-67, the most recent entry from Selah Medical Center relating to Plaintiff is dated March 23, 2005.  Tr. 211.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR PAYMENT OF BENEFITS ~ 11**

1    Although Plaintiff is able to drive and do his own shopping, Tr. 275, perform

2    light cooking and house work, *id.*, has had significant success pursuing a degree in

3    education, Tr. 51-52, and has custody of his children every other weekend, Tr. 55-

4    56, there is no indication that the pursuit of these activities requires exertion that

5    exceeds the limitations described by Dr. Ho.  Plaintiff testified that he doesn't

6    drive more than about five miles, and that his partner, who lives with him, helps

7    him with cooking and household chores.  Tr. 55.  With respect to Plaintiff's

8    success in school, Plaintiff testified that teachers have made accommodations

9    allowing him to stand up or lean against a wall to help relieve his pain during class

10    periods.  Tr. 47.  Plaintiff typically arrives at school around 7:00 A.M. and leaves

11    around 12:00 P.M, with only three of those hours spent in the class setting.  *Id.*

12    Plaintiff testified that between classes he will lay down on a picnic bench to help

13    relieve his pain and allow him to persevere through the remainder of his classes.

14    *Id.*  While Plaintiff does have visitation with his children every other weekend,

15    their mother provides the majority of their care, and Plaintiff's testimony regarding

16    his activities with his children are entirely consistent with Dr. Ho's evaluation of

17    his limitations.  Tr. 55-56.

18    The only evidence in the record that is inconsistent with Dr. Ho's opinion, are

19    the opinions of non-examining physicians Norman Staley M.D., and Alnoor Virji

20    M.D, who both opine that Plaintiff, with normal breaks, can stand or walk for a

1    total of six hours in an eight-hour workday, can sit for six hours in an eight hour

2    workday, and can frequently engage in stooping and crouching with unlimited

3    kneeling.  The opinions of these non-examining physicians, however, are not by

4    themselves sufficient to constitute substantial evidence that justifies the rejection

5    of the opinion of an examining physician.  *See Lester*, 81 F.3d at 831.  Moreover,

6    Dr. Ho had the benefit of an MRI taken on January 9, 2002, Tr. 274, which was not

7    in the record when Dr. Staley and Dr. Virji reviewed Plaintiff's medical history, [3]

8    Tr. 75, 86.  The MRI was subsequently exhibited and made part of the record.  Tr.

9    286.

10       In sum, the record does not support the ALJ's decision to accord little weight to

11   the opinion of Dr. Ho.  The limited explanation provided by ALJ Morris as to why

12   his own interpretation of Plaintiff's limitations, rather than Dr. Ho's, is correct, and

13   his use of boilerplate language that portions of Dr. Ho's opinion "are not supported

14   by the medical record" fail to offer a substantive basis for his assignment of little

15   weight to Dr. Ho's opinion. Thus, the ALJ's assignment of "little weight" to the

16   opinion of Dr. Ho constitutes legal error.  *See Garrison*, 759 F.3d at 1012-13

17   ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while

18   doing nothing more than . . . criticizing it with boiler plate language that fails to

19

20   [3] Although it is true that Dr. Staley and Dr. Virji had access to medical
     evidence that was unavailable to Dr. Ho, as Plaintiff points out, the
     majority of that evidence was not relevant to Plaintiff's spinal disorder.
     Tr. 71-74, 85-86.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR PAYMENT OF BENEFITS ~ 13**

1   offer a substantive basis for his conclusion.").  Moreover, as this Court's review of

2   the record in this case reveals, *supra* pp. 9-10, ALJ Morris' conclusion that Dr.

3   Ho's assessment of Plaintiff's limitations are not adequately corroborated by the

4   record is not supported by substantial evidence.  Accordingly, the Court finds that

5   ALJ Morris improperly accorded little weight to the opinion of examining

6   physician, Dr. Ho.

7       **B. The ALJ Improperly Assessed Plaintiff's Credibility.**

8       Plaintiff argues that the ALJ erred in rejecting Plaintiff's subjective complaints.

9   ECF No. 17 at 12-17.  The ALJ found that the claimant's medically determinable

10  impairment could reasonably be expected to cause some of the alleged symptoms,

11  but that the claimant's statements concerning the intensity, persistence and limiting

12  effects of these symptoms are not credible to the extent they are inconsistent with

13  his residual functional capacity assessment.  Tr. 24.

14      An ALJ engages in a two-step analysis to determine whether a claimant's

15  testimony regarding subjective pain or symptoms is credible.  *Tommasetti v.*

16  *Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).  First, the claimant must produce

17  objective medical evidence of an underlying impairment or impairments that could

18  reasonably be expected to produce some degree of the symptoms alleged.  *Id.*

19  Second, if the claimant meets this threshold, and there is no affirmative evidence

20  suggesting malingering, "the ALJ can reject the claimant's testimony about the

1  severity of her symptoms only by offering specific, clear and convincing reasons

2  for doing so." *Id.*

3      In weighing a claimant's credibility, the ALJ may consider many factors,

4  including, "(1) ordinary techniques of credibility evaluation, such as the claimant's

5  reputation for lying, prior inconsistent statements concerning the symptoms, and

6  other testimony by the claimant that appears less than candid; (2) unexplained or

7  inadequately explained failure to seek treatment or to follow a prescribed course of

8  treatment; and (3) the claimant's daily activities." *Smolen v. Chater,* 80 F.3d 1273,

9  1284 (9th Cir.1996).

10     ALJ Morris found that the Plaintiff's subjective complaints regarding the

11 intensity, persistence, and limiting effects of his symptoms were not entirely

12 credible because (1) "[m]edical findings do not reveal an individual with a residual

13 functional capacity that is more restrictive than the one determined in this

14 decision"; and (2) "[t]he claimant's level of activity does not support his allegation

15 of disability."  Tr. 24. These findings, however, are not supported by substantial

16 evidence in the record.  First, contrary to ALJ Morris' finding that the record does

17 not reveal an individual with an RFC that is more restrictive than the one

18 determined in his decision, the examination conducted by Dr. Ho, which this Court

19 has already concluded was improperly accorded little weight, *see supra* pp. 7-11,

20 indicates that Plaintiff is significantly more limited than the residual functional

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY**
**JUDGMENT AND REMANDING FOR PAYMENT OF BENEFITS ~ 15**

1    capacity assessed by ALJ Morris would suggest.  *See* Tr. 278.  For example, ALJ

2    Morris concluded that Plaintiff could frequently stoop, crouch, and crawl, Tr. 23,

3    whereas Dr. Ho's assessment of Plaintiff's postural restrictions requires avoidance

4    of stooping, crouching, and crawling altogether, Tr. 278.

5         Second, Plaintiff's level of activity is entirely consistent with his allegation of

6    disability.  As discussed above, *supra* at pp. 9-10, Plaintiff's level of activity is

7    consistent with Dr. Ho's assessment of his limitations, including Plaintiff's

8    considerable success in college.  When Plaintiff's counsel proposed a hypothetical

9    to vocational expert Trevor Duncan based upon the restrictions assessed by Dr. Ho,

10   Mr. Duncan responded that the complete postural limitations in kneeling,

11   crouching, and stooping would preclude all gainful employment.  Tr. 59-60.

12        To the extent that Plaintiff's testimony is consistent with Dr. Ho's assessment

13   of his limitations, the ALJ erred in finding such testimony not credible.  As the

14   foregoing analysis demonstrates, neither of the reasons identified by ALJ Morris

15   for finding Plaintiff's statements regarding the intensity, persistence, and limiting

16   effects of Plaintiff's impairments not credible are supported by substantial

17   evidence in the record.  Accordingly, the ALJ's credibility determination is in

18   error.

19   **C. The ALJ's Assessment of Plaintiff's Residual Functional Capacity does**

20        **not Accurately Reflect Plaintiff's limitations.**

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY**
**JUDGMENT AND REMANDING FOR PAYMENT OF BENEFITS ~ 16**

1    Because the ALJ improperly discredited Plaintiff's subjective testimony

2    regarding his limitations, and improperly accorded little weight to the opinion of

3    Dr. Ho, the ALJ's residual functional capacity assessment does not accurately

4    reflect Plaintiff's limitations, and consequently is in error. *See* 20 C.F.R. §

5    404.1545(a)(2) (requiring an ALJ to consider all medically determinable

6    impairments when determining a claimant's residual functional capacity). As a

7    result, the vocational expert's testimony in response to the hypotheticals posed by

8    the ALJ does not adequately address the functional limitations associated with

9    Plaintiff's spinal disorder. Accordingly, the ALJ's conclusion that Plaintiff is

10   capable of adjustment to other work that exists in significant numbers in the

11   national economy, in reliance upon vocational expert testimony in response to the

12   flawed hypotheticals, is similarly in error.

13   **D. The Court Remands for Payment of Benefits.**

14       Given the ALJ's errors, the only remaining question is whether to remand for

15   further administrative proceedings or simply for payment of benefits. "Where the

16   Commissioner fails to provide adequate reasons for rejecting the opinion of a

17   treating or examining physician, we credit that opinion 'as a matter of law.'"

18   *Lester*, 81 F.3d at 834 (quoting *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir.

19   1989)). Similarly, "where the ALJ improperly rejects the claimant's testimony

20   regarding his limitations, and the claimant would be disabled if his testimony were

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR PAYMENT OF BENEFITS ~ 17**

1    credited, '[the court] will not remand solely to allow the ALJ to make specific

2    findings regarding that testimony.'"  *Id.* (quoting *Varney v. Secretary of Health*

3    *and Human Services*, 859 F.2d 1396, 1401 (9th Cir. 1988)).  Case law dictates that

4    remand for an award of benefits is appropriate when:

5        (1) the ALJ has failed to provide legally sufficient reasons for rejecting
             a medical opinion;

6        (2) there are no outstanding issues that must be resolved before a
             determination of disability can be made; and

7        (3) it is clear from the record that the ALJ would be required to find the
             claimant disabled were such evidence credited.

8

9    *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*,

10   80 F.3d 1273, 1292 (9th Cir. 1996)).

11       Because the evidence in this case, when it is given the effect required by law,

12   demonstrates that Plaintiff would be unable to adjust to work that exists in

13   significant numbers in the national economy, the Court remands for immediate

14   payment of benefits.  Plaintiff's sole examining physician, Dr. Ho, opined that

15   Plaintiff had complete restrictions on kneeling, crouching, and stooping, and

16   Plaintiff himself testified to activities of daily living that are consistent with Dr.

17   Ho's assessment of his limitations.  When the doctor's opinion and Plaintiff's

18   testimony are credited, vocational expert testimony reveals that Plaintiff's

19   limitations preclude gainful employment, *see* Tr. 59-60, and thus, no purpose

20   would be served by remanding for further proceedings.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR PAYMENT OF BENEFITS ~ 18**

1

### VIII.  Conclusion

2    For the foregoing reasons, the Court finds the Commissioner's decision is

3 not free of legal error or supported by substantial evidence.  Therefore, Plaintiff's

4 Motion for Summary Judgment is granted, and this matter is remanded for

5 immediate payment of benefits.

6    Accordingly, **IT IS HEREBY ORDERED**:

7    1.  Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED.**

8    2.  Defendant's Motion for Summary Judgment, **ECF No. 19**, is **DENIED.**

9    3. The District Court Executive is directed to enter judgment in favor of

10 Plaintiff and against Defendant.

11    4.  This matter is **REMANDED** for immediate payment of benefits.

12    **IT IS SO ORDERED.** The District Court Executive is directed to enter this

13 Order, forward copies to counsel, and **CLOSE** the file.

14    **DATED** this 24th day of November, 2015.

15

16    */s Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

17

18

19

20

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR PAYMENT OF BENEFITS ~ 19**